UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAYLOR PAVLOVSKY,

      Plaintiff,

v.                                     Case No:  6:12-cv-1711-Orl-28TBS

WINGHOUSE XI, LLC, KER
MANAGEMENT SERVICES, LLC, KER
INC., WINGHOUSE OF ORLANDO, INC.,
WINGHOUSE OF KISSIMMEE, LLC.,
WINGHOUSE XII, LLC, WINGHOUSE
OF DAYTONA BEACHSIDE, LLC,
WINGHOUSE XV, LLC, WINGHOUSE
OF BRANDON 60, LLC, WINGHOUSE
OF BRADENTON, LLC, WINGHOUSE
OF CLEARWATER, LLC, WINGHOUSE
XVI, LLC, WINGHOUSE OF LAKELAND,
LLC, WINGHOUSE I, INC., WINGHOUSE
IV, INC., WINGHOUSE OF OCALA
L.L.C., WINGHOUSE X, INC.,
WINGHOUSE II, INC., WINGHOUSE OF
SANFORD, LLC, WINGHOUSE V, INC.,
WINGHOUSE III, INC. and WINGHOUSE
IX, INC.,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Defendant's Motion for Partial Dismissal.  (Doc. 36).

Plaintiff has filed a response in opposition.  (Doc. 39).  For the following reasons, I

respectfully recommend that Defendant's motion be **granted without prejudice, with leave**

**to amend**.

      **I.**      **Background**

      Plaintiff Taylor Pavlovsky's Complaint alleges that at the age of 16, she went to

work as a hostess at the WingHouse of Daytona Beachside, LLC restaurant in Daytona

Beach, Florida.  (Doc. 1, ¶¶ 4, 6).  As a hostess, Plaintiff was required to pay for her own

uniforms, cash shortages and waste food.  (¶ 2).  The payment of these expenses

reduced Plaintiff's compensation below minimum wage.  (¶ 35).  Plaintiff brings her claims

under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., for relief including

the recovery of unpaid minimum wages and declaratory relief.  (Doc. 1).

Plaintiff filed this action on her own behalf and on behalf of all similarly situated

hostesses who worked at WingHouse locations throughout the state of Florida.  (¶ 20).

The Defendants are all corporations and limited liability companies that have

"WingHouse" or "Ker" in their names.  While not clearly alleged in the Complaint, it

appears that each Defendant either operates a WingHouse restaurant, or provides

management or other services to the WingHouse restaurants in Florida.  (¶ 9, Docs. 36,

39).

Although Plaintiff was only employed by WingHouse of Daytona Beachside, LLC,

she makes the following allegations in her Complaint: (1) Defendants operate as one

integrated enterprise (Doc. 1, ¶ 31); Plaintiff was employed jointly by all Defendants  (Id.);

the majority of Defendants' officers reside in Florida (¶ 8); those officers direct, control,

and coordinate WingHouse operations from Largo, Florida (Id.);  each WingHouse

location operates in the same way and uses the same practices and procedures (¶ 9); all

WingHouse restaurants share common officers and managers, regional managers,

management companies, and corporate trainers (¶ 11); all of the WingHouse locations

share a common centralized control of labor relations located in the corporate offices in

Largo, Florida (¶ 12); all of the WingHouses use the same employee handbook (¶ 13); the

WingHouse corporate headquarters produces significant policies, memoranda, and

management directives for each WingHouse location (¶ 14); the same persons have

financial ownership and control over each restaurant (¶ 15); although each WingHouse location is registered as a different corporate entity, they are actually operated as one integrated enterprise (¶ 16); Defendants are joint employers of Plaintiff and the other putative class members (Id.); and Defendants collectively controlled and were responsible for Plaintiff's work (¶ 33).

Exhibits "A" and "B" to Plaintiff's Complaint are copies of pages from "Ker's WingHouse® Employee Handbook-03/11" (¶¶ 36, 37).  They contain a statement that: "As with all our policies, Ker Management Services, LLC, reserves the right to rescind or alter these guidelines at any time with or without advance notice.  If you have any questions regarding this or any policy, contact the Human Resource Representative at the Home Office."  (Doc. 1-1, Page 1).  They also contain "Ker's WingHouse® Walk Out Policy," and state that "Ker's WingHouse is committed to maintaining a workplace environment free from sexual and other forms of illegal harassment."  (Doc. 1-1, Page 4). Plaintiff alleges these policies applied to the hostesses at all of the WingHouse restaurants.  (Doc. 1, ¶¶ 36-37).

All Defendants with the exception of WingHouse of Daytona Beachside, LLC (collectively "Movants"), have filed a motion for dismissal under Fed. R. Civ. P. 12(b)(1). (Doc. 36).  As grounds, they argue that the Court lacks subject matter jurisdiction because Plaintiff failed to allege facts to establish her standing and because they do not qualify as joint employers under Eleventh Circuit precedent.  (Id.)  Plaintiff has filed a response to the motion contending that Movants are making a facial attack on her Complaint.  (Doc. 39).  Nevertheless, Plaintiff has attached a copy of a WingHouse Arbitration Agreement and Ker's WingHouse Bar 7 Grill Employee Handbook as Exhibits "A" and "B" to her response.  (Id.)  The Arbitration Agreement defines the "Employer" as

"Ker Management Services, L.L.C., and its subsidiaries, parent corporations, affiliates, and related companies and entities, including, but not limited to [a list of WingHouse LLC's which includes many of the Defendants in this case], any and all other Ker's WingHouse restaurant locations as may be established from time to time, and the officers, directors, employees, agents, predecessors, successors and assigns of the foregoing." (Doc. 39, Page 14).  According to the Arbitration Agreement, it is intended that "any and all controversies, disputes or claims arising out of or relating to the employment of the undersigned Employee with the Employer and the termination of employment with the Employer, including but not limited to statutory claims for discrimination, shall be resolved by arbitration as set forth below in greater detail." (Id.) The Employee Handbook explains that "Ker Management Services is the management Company of Ker's WingHouse®" and that in certain situations, employees should "contact your Manager or the Personnel representative at the Home Office." (Doc. 39 at Pages 18 and 20).

        II.    **Legal Standards**

  A. **Rule 12(b)(1)**

        Movants bring their motion under Fed. R. Civ. P. 12(b)(1), which provides that the Court will dismiss an action if it lacks subject matter jurisdiction to hear a plaintiff's claims. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).  Dismissal under Rule 12(b)(1) is extremely difficult to obtain.  Garcia v. Copenhaver, Bell & Assoc., M.D.'s P.A., 104 F.3d 1256, 1260 (11th Cir. 1997).

        Rule 12(b)(1) attacks are either "facial" or "factual."  Id.  The first issue for resolution is what type of attack Movants are making.  "A 'facial attack' on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of

subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007) (citations and quotations omitted). "'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. Id. (citations and quotations omitted). When a defendant makes a factual attack under Rule 12(b)(1), the Court does not presume the truthfulness of the plaintiff's allegations. See Scarfo v. Ginsberg, DBG 94, Inc., 175 F.3d 957, 960 (11th Cir. 1999).

When a party makes a factual attack, it presents evidence in the form of testimony, affidavits, and other matters outside the pleadings. Cramer v. John Alden Life Ins. Co., 763 F.Supp.2d 1196, 1203 (D. Mont. 2011) (movant "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court") (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1036, 1309 (9th Cir. 2004)); Occidental Chemical Corp. v. Louisiana Public Service Comm., 494 F.Supp.2d 401, 405 (M.D. La. 2007) ("In the case at bar, the defendants' 12(b)(1) motions are 'facial' attacks because the motions attack jurisdiction on the basis of the pleadings alone, and not by resorting to supporting evidence."); Wein v. St. Lucie Co., Fla., 461 F.Supp.2d 1261, 1263 (S.D. Fla. 2006) (on a factual attack, court considers extrinsic evidence such as testimony or affidavits); and In re Rubber Chemicals Antitrust Litigation, 504 F.Supp.2d 777, 780 (N.D. Calif. 2007) (party converts motion to factual attack by presenting affidavits or evidence properly before the court). While Movants make unsupported assertions of fact in their motion to dismiss, they have not filed any affidavits or other evidence in support of their motion. Therefore, Movant's motion is based solely on Plaintiff's Complaint. Because Movants have not resorted to other evidence, I find that Movants are making a

facial challenge to the Court's subject matter jurisdiction.  Therefore, I will not consider

any facts outside the four corners of Plaintiff's Complaint.

### B. Rule 8(a)

To state a cause of action, a plaintiff must provide a short and plain statement of

the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for

relief.  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (To survive a

motion to dismiss, a complaint must contain a "short and plain statement showing that the

pleader is entitled to relief.") (quoting Fed. R. Civ. P. 8(a)(2)).  While detailed factual

assertions are not required, labels and conclusions, mere naked assertions, or formulaic

recitations of the elements of a cause of action are not sufficient.  Id. at 678 (citing Bell

Atlantic corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain sufficient

facts which, accepted as true, would "state a claim to relief that is plausible on its face."

Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Id. (citation omitted).  The Court,

however, is not bound to accept as true a legal conclusion stated as a "factual allegation"

in the complaint.  Id.  Therefore, "only a complaint that states a plausible claim for relief

survives a motion to dismiss."  Id. (citation omitted).

### C. Standing

To satisfy the case-or-controversy requirement of Article III of the Constitution, a

plaintiff must show that she has "suffered 'injury in fact,' that the injury is 'fairly traceable'

to the actions of the defendant, and that the injury will likely be redressed by a favorable

decision."  Bennett v. Spear, 520 U.S. 154, 162, 117 C.Ct. 1154, 137 L.Ed.2d 281 (1997)

(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 650-61, 112 S.Ct. 2130, 119

L.Ed.2d 351 (1992)).  "[T]he injury must affect the plaintiff[s] in a personal and individual way."  Lujan, 504 U.S. at 560 n. 1.  The requirement is no different, where, as here, Plaintiff is attempting to bring a class action.  Brown v. Sibley, 650 F.2d 760, 771 (5th Cir. Unit A July 1981)[1] ("Inclusion of class action allegations in a complaint does not relieve a plaintiff of himself meeting the requirements for constitutional standing, even if the persons described in the class definition would have standing themselves to sue.  If the plaintiff has no standing individually, no case or controversy arises.").  Thus, to adequately plead standing, Plaintiff must allege that all of the Movants caused her injury.

### D.  Statutory Background

The purpose of the FLSA is to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . ."  29 U.S.C. § 202(a), (b).  Among other things, the law requires employers to pay their employees a minimum hourly wage and overtime.  Id. §§ 201-11.

In formulating the FLSA, "Congress expressly rejected the common-law definition of employment, which is based on limiting concepts of control and supervision."  Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir. 1996).  Under the FLSA, an employer "employs" a person if the employer "suffers or permits" the person to work.  29 U.S.C. § 203(g).  To determine if an alleged employer suffers or permits an individual to work, the Court considers the economic reality test, or "if, as a matter of economic reality the individual is dependent on the entity."  Layton v. DHL Express (USA), Inc., 686 F.3d 1172, 1175 (11th Cir. 2012) (quoting Antenor, 88 F.3d at 929).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the court held that all decisions of the former Fifth Circuit handed down before October 1, 1981, are binding on the Eleventh Circuit.

The FLSA specifically covers the joint employment of a worker to more than one employer.  Under the FLSA, "a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time."  29 C.F.R. § 791.  The Eleventh Circuit recognizes at least the following eight factors the Court must consider in determining whether a worker is economically dependent upon and therefore, jointly employed by two or more employers: "(1) the nature and degree of the [employer's] control of the [employee]; (2) the degree of the [employer's] supervision, direct or indirect; (3) the [employer's] right, directly or indirectly, to hire, fire, or modify the [employee's] employment conditions; (4) the [employer's] power to determine the [employee's] pay rates or methods of payment; (5) the [employer's] preparation of payroll and payment of the [employee's] wages; (6) the [employer's] ownership of the facilities where the work occurred; (7) the [employee's] performance of a line-job integral to the [business]; and (8) the [different employers'] investment in equipment and facilities."  See generally Layton, 686 F.3d at 1175); Antenor, 88 F.3d at 932 (citing Aimable v. Long & Scott Farms, Inc., 20 F.3d 434, 440-446 (11th Cir. 1994), cert. denied, 513 U.S. 943, 115 S.Ct. 351, 130 L.Ed.2d 306 (1994)).

III.   Discussion

In part, Plaintiff bases her claim to standing on the allegations in her Complaint that the Defendants operate as one integrated enterprise; she was employed jointly by all Defendants; and the Defendants collectively controlled and were responsible for Plaintiff's work.  These are conclusions which the Court is not required to accept as true.

Plaintiff also alleges standing based upon her averments that the majority of Defendants' officers reside in Florida where they direct, control, and coordinate WingHouse operations; the WingHouse restaurants operate in the same way and use the

same practices and procedures; they share common officers and managers, regional managers, management companies, and corporate trainers; they share a common centralized control of labor relations; they all use the same employee handbook; the corporate headquarters produces significant policies, memoranda, and management directives for each location; and the same persons have financial ownership and control over each restaurant.  These facts suggest that all of the Defendants are affiliated but they are not sufficient to allege that any of the Movants played a role in hiring Plaintiff; that Movants exercised actual or functional supervision or control over Plaintiff; or that Movants had the authority to fire Plaintiff.

I assume Exhibits "A" and "B" to Plaintiff's Complaint are policies common to the hostesses at all of the WingHouse restaurants.  Construing these exhibits in the light most favorable to Plaintiff, they show that Ker Management Services, LLC ("Ker") has the authority to change policies applicable to the operation of all Defendants' restaurants and that the Human Resource Representative at the Home Office is available to address questions concerning the policies applicable to all Defendants' employees.

With these facts in mind, I consider the eight factors used by the Eleventh Circuit to analyze the sufficiency of Plaintiff's allegations against Movants.  Plaintiff has alleged that Ker, by virtue of its ability to issue and change employee policies, exercised some degree of control over Plaintiff, but Plaintiff has not alleged facts showing that any of the other Movants had any degree of control over her.  The Complaint does not allege facts showing the degree of any of the Movant's supervision, direct or indirect over Plaintiff.  Plaintiff has not alleged facts to show the Movant's right, directly or indirectly, to hire, fire, or modify her employment conditions; determine her rate of pay, method of payment, or who prepared or paid Plaintiff's wages.  The Complaint also does not allege direct

ownership by Movants of the facilities where she and the other hostesses worked; Plaintiff's performance of a line-job integral to the common business of all Defendants; or that Movant's direct investment in any of the Defendants' equipment or facilities. Accordingly, I find that Plaintiff has not plead facts sufficient to allege that she has standing to bring this action against any of the Movants and  recommend the Court grant the motion to dismiss.  Because the WingHouse Arbitration Agreement and Ker's WingHouse Bar 7 Grill Employee Handbook, copies of which are attached to Plaintiff's response to the motion to dismiss, give me reason to believe Plaintiff may be able to state a cause of action against Movants, I recommend that dismissal be without prejudice, with leave to amend.

## VI.    Recommendation

Upon due consideration, I respectfully recommend that the Court grant Defendant's Motion for Partial Dismissal (Doc. 36) and **dismiss Plaintiff's Complaint against Movants without prejudice, with 14 days leave to amend**.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 19, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record