UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAYLOR PAVLOSKY, ON BEHALF OF
HERSELF AND THOSE SIMILARLY
SITUATED,

      Plaintiffs,

v.                                        Case No.  6:12-cv-1711-Orl-28TBS

WINGHOUSE XI, LLC,  KER
MANAGEMENT SERVICES, LLC, KER
INC. WINGHOUSE OF ORLANDO, INC.,
WINGHOUSE OF KISSIMMEE, LLC,
WINGHOUSE XII, LLC, WINGHOUSE OF
DAYTONA BEACHSIDE, LLC,
WINGHOUSE XV, LLC, WINGHOUSE OF
BRANDON 60, LLC, WINGHOUSE OF
BRADENTON, LLC,  WINGHOUSE OF
CLEARWATER, LLC, WINGHOUSE XVI,
LLC, WINGHOUSE OF LAKELAND, LLC,
WINGHOUSE I, INC., WINGHOUSE IV,
INC., WINGHOUSE OF OCALA, L.C.,
WINGHOUSE X, INC., WINGHOUSE II,
INC., WINGHOUSE OF SANFORD, LLC,
WINGHOUSE V, INC., WINGHOUSE III,
INC., WINGHOUSE IX, INC.,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      This case comes before the Court without oral argument on Plaintiff Taylor

Pavlosky ("Ms. Pavlosky") and Defendant Winghouse XI, LLCs' ("WingHouse XI")

Joint Motion for Approval of Settlement and for Dismissal of Action with Prejudice

(Doc. 69), as modified by the Defendants' Notice of Filing Second Corrected

Composite Exhibit A to Joint Motion to Approve Settlement Agreement (Doc. 72).

For the reasons that follow, I respectfully recommend that the motion be granted.

BACKGROUND

The Defendants are all corporations or limited liability companies that have "WingHouse" or "Ker" in their names.  Each Defendant operates a WingHouse restaurant or provides management or other services to WingHouse restaurants. (Doc. 42 ¶ 9, Docs. 45, 50).  Ms. Pavlosky was employed as a restaurant hostess by WingHouse XI.  (Doc. 42 ¶¶ 4, 6).  She alleges standing to sue the remaining Defendants because they were engaged in a common enterprise and jointly employed her.  (Id., ¶¶ 39, 40, 46).  Ms. Pavlosky brings this lawsuit on her own behalf and on behalf of all similarly situated persons.  (Doc. 42).  Carley Henry ("Ms. Henry") is the only person who has consented to join the case.  (Doc. 3).  The Court has not granted class certification.  (Docket).

Ms. Pavlosky complains that Defendants required her and the other proposed class members to pay for their own uniforms, cash shortages, and waste food which resulted in their compensation falling below the minimum wage.  (Id., ¶¶ 2, 35).  Count I of her amended complaint seeks recovery of unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Count II is an action for a declaratory judgment that Ms. Pavlosky had an employee-employer relationship with all of the Defendants; that she and the other proposed class members were not paid full minimum wage for the hours they worked; and that they are entitled to actual damages, liquidated damages, and attorney's fees pursuant to the FLSA.  (Id.).

All of the Defendants with the exception of WingHouse XI moved the Court to

dismiss the original complaint on the ground that Ms. Pavlosky lacks standing, the Defendants do not qualify as joint employers under Eleventh Circuit precedent, and the Court lacks subject matter jurisdiction.  (Doc. 36).  The Court granted the motion without prejudice, with leave to amend.  (Doc. 41).

Ms. Pavlovsky amended her complaint, and all of the Defendants with the exception of WingHouse XI renewed their arguments that Ms. Pavlovsky lacks standing to bring a collective action and that the Court lacks subject-matter jurisdiction over them.  (Doc. 45).  The Court denied the motion without prejudice, with leave for Defendants to reassert their arguments later in the case in a motion for summary judgment.  (Doc. 61).

The Defendants have answered the amended complaint and asserted fourteen affirmative defenses including: (1) Ms. Pavlosky and all putative class members were required to clock in and clock out from work; (2) Defendants did not have a company policy allowing employees to work off-the-clock for any purpose; (3) Ms. Pavlosky's claims are barred by the doctrine of de mimimis non curat lex;[1] (4) all of Ms. Pavlosky's claims are subject to mandatory bilateral arbitration; (5) there is no evidence that any employee falsely reported her hours or that Defendants knew or should have known employees were falsely reporting their hours; (6) failure to mitigate damages; (7) waiver and estoppel; (8) Ms. Pavlosky was required to pay for her own uniforms with her own money, but not tip money; (9) these claims are barred to the extent the exemptions in Section 7 of the FLSA

_____

[1] Meaning, "The law does not concern itself with trifles."  Black's Law Dictionary, Eighth Edition.

apply; (10) Defendants are not liable for liquidated damages because they acted in good faith and with reasonable grounds to believe they were not violating the FLSA; (11) Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 bars some or all of these claims; and (12) Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 259 bars some or all of these claims.  (Doc. 64).

In their answers to the Court's interrogatories, Ms. Pavlosky and Ms. Henry said they are owed $7.25 for every hour they worked off the clock, for working through breaks, being forced to pay for uniforms, walk outs, drawer shortages and waste food, and liquidated damages.[2]  (Docs. 54-55 at 2).  Neither woman quantified her total damages.  (Docs. 54-55).

Ms. Pavlovsky and Ms. Henry have entered into separate settlement agreements (the "Agreements") with WingHouse XI to compromise and settle this case in its entirety.  (Doc. 69-1).  The Second Corrected Composite Exhibit A filed by Defendants (Doc. 72), corrects a scrivener's error in the settlement agreement between WingHouse XI and Ms. Henry.[3]  The only difference between the Agreements is the amount of money to be paid to each woman.  (Id.).  Ms. Pavlosky will receive the gross settlement amount of $14,250, and Ms. Henry will receive the gross settlement amount of $12,750.  (Doc. 72 at 2).

From the amount paid to Ms. Pavlosky: $2,000, minus applicable

---

[2] Ms. Pavlosky also claims $100 for a calendar shoot.  (Doc. 54 at 2).

[3] Paragraph two of Ms. Henry's settlement agreement previously said "Employer shall pay the Employee the total gross sum of Fourteen Thousand Two Hundred Fifty Dollars and Zero Cents ($12,750.00) ..."  It was corrected to say "Employer shall pay the Employee the total gross sum of Twelve Thousand Seven Hundred Fifty Dollars and Zero Cents ($12,750.00) ..."  (Doc. 72-1 at 17).

withholdings, is in full settlement of her claim for unpaid wages, $2,000 represents liquidated damages, and $2,000 is being paid in consideration for a general release.  (Id., at 2).  Ms. Henry will receive $1,250, minus applicable withholdings, in full settlement of her claim for unpaid wages, $1,250 as liquidated damages, and $2,000 in consideration for a general release.  (Id., at 25).  All of the remaining money is being paid to counsel.  The firm of Morgan & Morgan, P.A. will receive a total of $8,250; and the firm of Chanfrau and Chanfrau, P.L., will also receive a total of $8,250.  (Id., at 1-2).  In return for these payments, Ms. Pavlosky and Ms. Henry are both:

a. generally and fully releasing all of the named Defendants, together with anyone related to or affiliated with them, from any and all claims, known and unknown, accrued and not yet accrued, through the execution of the Agreements:

b. promising to not disclose, use, sell, or transfer any confidential or proprietary information they learned during the course of their employment;

c. agreeing that except for their FLSA claims they will keep the circumstances leading up to this action, and the terms and conditions of the Agreements confidential;

d. agreeing that except for their FLSA claims they will not disparage or defame anyone covered by their general releases;

e. agreeing that except for their FLSA claims they will not encourage or incite others to initiate any legal proceedings against any of the Defendants; and

f. agreeing that if they breach the Agreements, all benefits to them

under the Agreements will cease and Defendants will be entitled to all remedies including injunctive relief.  (Id., at 1-14, 24-37).

LEGAL STANDARD

Congress enacted the FLSA to eliminate labor conditions it deemed "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202.  The FLSA provides for the payment of overtime to non-exempt employees at the rate of not less than one and one-half times the individual's regular rate for hours worked in excess of forty per week.  Id., § 207(2).  The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Alternatively, an employee may settle and waive claims under the FLSA if the parties present to the district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Id.

Before approving any settlement, the district court must scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."  Id. at 1354.  The nature of this lawsuit prompts the Court's review of the

Agreements rather than an examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).  There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton , 559 F.2d 1326, 1331 (5th Cir. 1977)).

## ANALYSIS

The parties are represented by counsel who are obligated to vigorously represent the interests of their clients and it appears from the docket that they have done just that during the 16 months this case has been pending.  The parties and their counsel have expressed their belief that the settlement is a fair and reasonable resolution of the FLSA claims, and they have expressly denied the existence of any fraud or collusion in the settlement.  (Doc. 69-1 at 44).  Upon independent review, I find no evidence suggesting that this settlement is the product of fraud or collusion.

The case is set for jury trial in September of this year.  (Doc. 62).  Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement.  The pleadings apprise the Court of the claims and defenses asserted but there are many factors about which the Court has no

knowledge which may have influenced the parties to negotiate and compromise this dispute.  For example, the Court does not know what has been learned in discovery, or if the parties have legitimate, unrelated financial concerns which have motivated them to settle this litigation.  The issues of alleged joint employment, standing and jurisdiction make this case more complex that the typical FLSA suit, and the probable outcome of this litigation is uncertain.  Taking these factors into consideration, and considering the nature and duration of their employment, I find that the amounts of money Ms. Pavlosky and Ms. Henry have agreed to accept are objectively reasonable.

In FLSA lawsuits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . .  shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).  Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery.  Silva v. Miller, 307 F. App'x. 349, 351 (11th Cir. 2009).  "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents." Perez v. Nationwide Prot. Serv., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005).

The Agreements provide for the payment of a total of $16,500 in attorney's fees and costs to be divided equally between Morgan & Morgan, P.A., and Chanfrau and Chanfrau, P.L.   Based upon the docket activity, this amount is objectively reasonable.   The parties also represent that the attorney's fees and costs were agreed upon separately and without regard to the amounts to be paid to Ms. Pavlosky and Ms. Henry.  (Doc. 69 at 5).  Accordingly, and because there is no suggestion that Ms. Pavlosky or Ms. Henry's recovery was adversely affected by the amount of attorney's fees and costs to be paid, the Court can approve the settlement without performing the lodestar analysis.  See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Because I am satisfied that the amounts of fees and costs to be paid to counsel did not taint the amounts to be paid to Ms. Pavlosky and Ms. Henry, I recommend approval of counsels' fees and costs. See Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

The Agreements contain general releases of the Defendants, their affiliates and related persons and entities.  General releases are typically not permitted in the settlement of FLSA claims because they "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer."  Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010).

The Agreements also provide for confidentiality, non-disparagement and non-incitement with respect to non-FLSA claims.  The only claims asserted in the amended complaint are for alleged violations of the FLSA, so the inclusion of these provisions appears to be meaningless.  And, because the Agreements have been

-9-

filed with the Court, any claim that they are confidential has effectively been waived. Courts that have analyzed the issue have largely rejected confidentiality and non-disparagement clauses in FLSA settlement agreements. Dees v. Hydrady, Inc., No. 8:09-cv-1405-T-23TBM, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260 (M.D. Ala. 2003); Hanson v. Wells Fargo Bank, N.A., No. 08-80182-Civ, 2009 WL 1490582 (S.D. Fla. May 26, 2009); Nichols v. Dollar Tree Stores, Inc., No. 1:13-cv-88 (WLS), 2013 WL 5933991, *3 (M.D. Ga. Nov. 1. 2013); Housen v. Econosweep Maint. Serv., Inc., No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, *2 (M.D. Fla. June 6, 2013).

But, a number of cases have approved FLSA settlements in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claims. DeGraff v. SMA Behavioral Health Serv., Inc., 945 F. Supp.2d 1324, 1329-30 (M.D. Fla. 2013); Caamal v. Shelter Mortgage Co., LLC, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, *4 (M.D. Fla. Sept. 26, 2013); Espinah v. Thrifty Speciality Produce of Ala., LLC, No. 6:13-cv532-Orl-28KRS, 2013 WL 4047011, *3 (M.D. Fla.  Aug. 9, 2013).

Here, Ms. Pavlosky and Ms. Henry are each receiving an additional $2,000 in return for their general releases,  agreements to maintain confidentiality, not disparage Defendants, and not incite additional claims against Defendants. Because these provisions are supported by separate consideration, I find that they do not preclude Court approval of the Agreements.

RECOMMENDATION

In view of the foregoing, it is respectfully RECOMMENDED that the Court:

A. GRANT the Joint Motion for Approval of Settlement and for Dismissal of Action with Prejudice (Doc. 69);

B. APPROVE both Agreements;

C. DISMISS this action with prejudice; and

D. DIRECT the Clerk to terminate all pending motions and close the file.       Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on April 22, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

United States District Judge
Counsel of Record